PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL A. GROTH, *et al.*, | ) | |
| | ) | CASE NO. 5:11CV2628 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO STATE HIGHWAY PATROL, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 3] |

**I.**

This action is before the Court upon the Motion to Dismiss of Defendants Ohio State Highway Patrol and Trooper Logan T. Putnam[1] (ECF No. 3). The Court has reviewed the memorandum in support and Plaintiffs' Response (ECF No. 8).

This action is also before the Court upon Plaintiffs' Motion to Dismiss Certain Claims Without Prejudice (ECF No. 8).[2]

**II.**

Defendants Ohio State Highway Patrol and Trooper Putnam move the Court for an order dismissing the state law claims. "Plaintiff[s] request[ ] that the State law tort claims brought against the Ohio State Highway Patrol and [Trooper] Logan T. Putnam in Counts Two, Three

---

[1] Spelled both as "Putman" and "Putnam" in the Complaint (ECF No. 1).

[2] Counsel are advised that it is unacceptable motion practice to combine a memorandum in opposition with a separate motion.

(5:11CV2628)

and Five of the Complaint be dismissed without prejudice. . . ." ECF No. 8 at 1-2. Plaintiffs do not respond to movants' argument that if the un-specified reference to "Defendants" in Count Four of the Complaint (ECF No. 1) refers to Defendants Ohio State Highway Patrol and/or Trooper Putnam, this Court does not have jurisdiction over a State law spoliation and conspiracy to commit spoliation claim against them.  Moreover, "Plaintiff [John H. Groth] withdraws [his] federal claim[ ] against the Defendant [Ohio] State Highway Patrol based upon loss of consortium in Count Five of the Complaint and moves that [it] be dismissed without prejudice. . . ." ECF No. 8 at 2-3.

Defendant Ohio State Highway Patrol further moves the Court for an order dismissing the 42 U.S.C. § 1983 claim filed against it. "Plaintiff [Cheryl A. Groth] withdraws the Section 1983 claim against the [Ohio] State Highway Patrol in Count One of the Complaint and move[ ] to dismiss it without prejudice. . . ." ECF No. 8 at 2.

Finally, Trooper Putnam moves the Court for an order dismissing Plaintiffs' official capacity 42 U.S.C. § 1983 claim. Plaintiffs do not respond to this specific argument. The Court will grant this prong of Defendants' motion.

While "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," individuals sued in their official capacities stand in the shoes of the entity they represent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) ("official-capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent")); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an

2

(5:11CV2628)

individual in his official capacity is the equivalent of a suit against the governmental entity."). As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit potentially "imposes liability on the entity that he represents." *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Graham*, 473 U.S. at 166 ("Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."). Accordingly, the Ohio State Highway Patrol, as the government entity that employed Trooper Putnam, is the only true defendant for Plaintiff s' 42 U.S.C. § 1983 claim. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

In the future, the Court specifically directs counsel to confer with each other before filing any dispositive motion seeking an order from the Court resolving that which could have been more expediently stipulated to by counsel.

### III.

Plaintiffs' Motion to Dismiss Certain Claims Without Prejudice (ECF No. 8) is granted.

Defendants' Motion to Dismiss (ECF No. 3) is granted, in part as to (1) Plaintiffs' official capacity 42 U.S.C. § 1983 claim against Defendant Trooper Putnam and (2) the part of Count Four of the Complaint (ECF No. 1) that refers to Defendants Ohio State Highway Patrol and/or Trooper Putnam; and is denied as moot in all other respects.

1. The State law tort claims brought against Defendants Ohio State Highway Patrol and Trooper Putnam in Counts Two, Three and Five of the Complaint (ECF No. 1) are dismissed without prejudice, pursuant to Plaintiff's motion. *See* ECF No. 8 at 1-2.

(5:11CV2628)

    2. Having withdrawn it, Plaintiff John H. Groth's federal claim against Defendant Ohio State Highway Patrol based upon loss of consortium in Count Five of the Complaint (ECF No. 1) is dismissed without prejudice.

    3. Having withdrawn it, Plaintiff Cheryl A. Groth's Section 1983 claim against Defendant Ohio State Highway Patrol in Count One of the Complaint (ECF No. 1) is dismissed without prejudice.

    4. The part of Count Four of the Complaint (ECF No. 1) that refers to Defendants Ohio State Highway Patrol and/or Trooper Putnam is dismissed.

    5. Plaintiffs' official capacity Section 1983 claim against Defendant Trooper Putnam in the Complaint (ECF No. 1) is dismissed.

    IT IS SO ORDERED.

 March 19, 2012                               /s/ Benita Y. Pearson  
Date                                           Benita Y. Pearson  
                                                 United States District Judge